[No. 28963. Department Two. March 9, 1943.]

R. H. MILLS, *Appellant,* v. LAVERN HOLSTROM *et al.,*
*Respondents.*[1]

*E. A. Cornelius,* for appellant.

*Davis, Heil & Davis* and *Carl W. McDowell,* for re-
spondents.

BLAKE, J.—Plaintiff brought this action to recover
a balance alleged to be due on two chattel mortgages
which had been assigned to him. Answering, de-
fendants admitted execution of the mortgages, and, by
way of affirmative defense, alleged that they had been
discharged by a compromise and settlement. Upon
trial to the court, findings were made to the following
effect:

That, on August 7, 1936, defendant Holstrom exe-
cuted a chattel mortgage for five hundred dollars, the
balance then due upon a harvester purchased from
plaintiff's assignor; that defendant, on March 16, 1937,
executed a chattel mortgage for twelve hundred and
fifty dollars, the balance then due upon a Cletrac

[1]Reported in 134 P. (2d) 954.

tractor purchased from plaintiff's assignor; that, prior to June, 1939, the balance due, including interest, on the mortgages had been reduced to approximately sixteen hundred dollars; that, in June, 1939, defendant made application to the farm security administration for a loan for the purpose of refunding the mortgages and other indebtedness; that the agents and employees of the farm security administration negotiated with plaintiff for an adjustment of the amount due him on the chattel mortgages, and that plaintiff thereupon agreed to accept twelve hundred dollars in full settlement of the balance due upon them; that, on June 20, 1939, the farm security administration and defendant paid plaintiff the sum of twelve hundred dollars "in accordance with said adjustment agreement."

Upon these findings, the court made conclusions of law sustaining the affirmative defense and entered a decree dismissing the action. Plaintiff appeals.

■ Appellant contends that the evidence preponderates against the finding that he agreed to accept the check for twelve hundred dollars in full settlement of the balance of sixteen hundred dollars then due under the mortgages. This contention is based largely, if not entirely, upon two facts: (1) In making its loan to respondent, the farm security administration did not take a mortgage on the harvester; and (2) the appellant did not release either of his mortgages. Appellant contends that these two factors, together with his own testimony denying the compromise, are sufficient to overcome the testimony to the contrary of respondent and the agent of the farm security administration who negotiated the settlement. The latter testified:

"A. Well, we were asking for a $400.00 adjustment of the account, and Mr. Mills finally agreed to do that. Q. And did you discuss the amount of the account

with him so that the amount of $1600.00 was mentioned in your conference with him? A. Oh, I wouldn't just say as to that, except as regards to this: that the amount paid Mr. Mills was to be the account in full. Whatever adjustment was made, the balance was to be, the account was paid in full. Q. And do you recall the amount that was paid to him? A. Well, it was $1200.00 was what was supposed to be paid. Q. But afterwards your Company took a loan on this part of this machinery that Mr. Mills held a mortgage on? A. That is right. Q. And completed the loan? A. That is right."

And respondent testified:

"Q. And did you at that time give him this check? A. I did give him that check, yes. Q. And what did he say, if anything? A. Well, he congratulated me and wished me all of the luck in the world in my farming operations, hoping that I would get out of debt pretty soon, and as he turned to leave he said, 'I think I am a darned fool to give up all this security for this amount of money.' Q. Did you ask him for a release of the mortgages? A. As I handed the check to him, I said, 'Bob, the records will have to be cleared up at the Courthouse,' and he said he would take care of that."

In addition to this direct evidence of an agreed adjustment and settlement for twelve hundred dollars, we find the circumstance that appellant allowed more than a year to go by without claiming any balance was due on the mortgages. And, finally, there are certain intangibles in appellant's own testimony—such as his being unable to recall whether he had ever had any talk with the agent for the farm security administration concerning the settlement—which convince us that the evidence preponderately supports the court's findings.

Decree affirmed.

SIMPSON, C. J., BEALS, ROBINSON, and GRADY, JJ., concur.